

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV12-04942-JVS (MLG) | **Date** | March 12, 2013 |
| **Title** | Rodzinski Allen v. Warden | | |

**Present: The Honorable**  Marc L. Goldman, Magistrate Judge

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None Present                                           None Present

**Proceedings:**     In Chambers: Order Granting Petitioner's Motion to Amend Petition

    On November 15, 2012, Petitioner filed a motion to amend the first amended petition ("FAP") to add two new claims: (1) the prosecution suppressed favorable impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) the state courts' denial of Petitioner's request for trial transcripts violated his right to due process and equal protection. On January 7, 2013, Respondent filed an opposition to the motion to amend, asserting that amendment should be denied as futile because the two new grounds were untimely, unexhausted and did not relate back to the two original claims asserted in the FAP.

    Petitioner's motion to amend is GRANTED. Under Fed.R.Civ. Proc. 15(a), the court has discretion to grant leave to amend a habeas petition "when justice so provides." *Lopez v. Smith*, 203 F.3d 1122, 1129–30 (9th Cir.2000) (quoting Rule 15(a)).

    The Court finds that the proposed amended claims are timely under the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on July 13, 2010, ninety days after the California Supreme Court denied his petition for review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, Petitioner had until July 13, 2011 to file his federal habeas petition. Petitioner filed his habeas petition on June 4, 2012 and his motion for leave to amend the petition on November 15, 2012, well after AEDPA's one-year statute of limitations had expired.

    However, Petitioner is entitled to statutory tolling, which would make the amended claims timely. Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, including so-called "gap tolling" for the periods of time between such state habeas petitions, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002).

    Here, Petitioner filed a habeas corpus petition in the California Court of Appeal while his direct appeal was pending. The court of appeal issued an order to show cause returnable to the superior court on January 29, 2010. An evidentiary hearing was held on May 3, 2011 and concluded on June 27, 2011. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-04942-JVS (MLG) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Rodzinski Allen v. Warden | | |

superior court denied habeas relief on August 29, 2011. Therefore, the statute of limitations was tolled from July 13, 2010 until August 29, 2011. *See Evans v. Chavis*, 546 U.S. 189, 191-92 (2006).

On October 30, 2011, Petitioner constructively filed[1] a second habeas corpus petition in the state court of appeal. Thus, a total of 62 days[2] elapsed between the superior court's denial of Petitioner's habeas petition and his filing of a second habeas petition in the court of appeal. Respondent argues that this is an unjustified delay under *Evans* and *Velasquez v. Kirkland*, 639 F.3d 94 (9th Cir. 2011), which precludes gap tolling, thus making Petitioner's proposed amended claims untimely.

Here, the 62-day delay was not "substantially" longer than the 30 to 60-day period found to be reasonable in *Evans*, 546 U.S. at 191-92 and *Velasquez*, 639 F.3d at 968. Respondent has failed to identify any case in which a court has found a delay of 62 days to be unreasonable, even where the delay is unexplained. In fact, a number of district courts have found delays of between 60 and 70 days to be reasonable. *See, e.g., Gonzales v. Hubbard*, 2011 WL 6951958, *2-3 (C.D.Cal. 2011) (finding 62-day gap to be a reasonable delay); *Nelson v. Clark*, 2011 WL 3740352, *4 (S.D.Cal.2011) (finding delays of 61 days, 62 days, and 99 days reasonable); *Wynn v. Martel*, 2011 WL 864500, *6 (E.D.Cal.2011) (finding a 64-day delay reasonable and noting that "district courts in California have generally found that even unexplained delays of 61 to 70 days ... are not unreasonable").

Accordingly, Petitioner is entitled to statutory tolling from October 30, 2011 to December 2, 2011, when his second habeas petition was denied by the court of appeal. Therefore, Petitioner had until December 2, 2012 in which to file a timely habeas petition. Petitioner filed his motion for leave to amend the FAP on November 15, 2012, within the one-year statute of limitations. Therefore, the proposed amended claims are timely.

The motion to amend is GRANTED. Respondent shall file a supplemental answer addressing the two new claims for relief within 28 days of this date. Petitioner shall file a reply within 28 days of the filing of the answer.

Initials of Clerk    ts

---

[1] The petition was not filed in the court of appeal until November 2, 2011. However, under the prison mailbox rule, the date on which the petition was signed and presumably delivered to prison authorities for mailing is used as the filing date. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

[2] Respondent contends that the gap is actually 64 days, not 62 days, based upon Petitioner's prison mail log (Docket No. 19 at 22), which shows that a document was sent to the court of appeal on November 2, 2011. For the reasons discussed below, it is immaterial to the Court's determination whether the gap is 62 or 64 days.